808 F.2d 834
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl BROWN, Plaintiff-Appellant,
v.
Allyn R. SIELAFF, Director of the Virginia Department of
Corrections, Defendant-Appellee.
 No. 86-7211.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 17, 1986.
Decided Dec. 18, 1986.
 
 Before RUSSELL, PHILLIPS and WILKINSON, Circuit Judges.
 Earl Brown, appellant pro se.
 Thomas Drummond Bagwell, Office of the Attorney General, for appellee.
 PER CURIAM:
 
 
 1
 Earl Brown, a Virginia inmate, appeals the dismissal of his petition for habeas corpus relief brought pursuant to 28 USC Sec. 2254. Brown alleged in his petition that a miscalculation of his discretionary parole eligibility date resulted in the denial of a parole hearing at the proper time.
 
 
 2
 According to the record, Brown's discretionary parole eligibility date was June 25, 1983. Pursuant to Va.Code Sec. 53.1-154, the Parole Board should have reviewed Brown's eligibility for parole by the end of calendar year 1983. Brown in fact received parole review in 1984 and 1985, and in both instances the Virginia Parole Board denied parole because of Brown's violent criminal history.
 
 
 3
 Assuming that a liberty interest in a timely review was created by Va.Code Sec. 53.1-154,* we conclude that Brown failed to state a constitutional deprivation of that liberty interest. At best, Brown's habeas petition only alleges a negligent failure to conduct a parole review at the proper time. The Supreme Court has held that "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials." Davidson v. Cannon, --- US ----, 54 U.S.L.W. 4059, 4096 (Jan. 21, 1986). See also Daniels v. Williams, --- US ----, 54 U.S.L.W. 4090 (Jan. 21, 1986); Wadhams v. Procunier, 772 F.2d 75 (4th Cir.1985).
 
 
 4
 We would note additionally the cogent analysis in the magistrate's recommendations. Brown in his petition fails to allege any palpable harm or prejudice resulting from the Virginia Parole Board's failure to review Brown's status in 1983. The reasons given for denial of parole were present in 1983 when Brown's discretionary parole date came up.
 
 
 5
 Accordingly, we dismiss this appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, and deny a certificate of probable cause to appeal.
 
 
 6
 DISMISSED.